■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY PATTERSON, Appellant. [709 NYS2d 559] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 26, 1997, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6 years, unanimously affirmed.

The court properly sentenced defendant as a second felony offender. During the proceedings concerning defendant's alleged second felony offender status, there was no dispute that he was convicted under a particular statutory subdivision relating exclusively to cocaine (NC Gen Stat Annot § 90-95 [h] [3]). Therefore, the People were not required to produce the North Carolina accusatory instrument for the purpose of ruling out the possibility that defendant was convicted of a marihuana offense that would not be a felony in New York. The statute in

question, as judicially interpreted (*see, People v Sailor*, 65 NY2d 224, 237, *cert denied* 474 US 982), contains an element of scienter and is in all other respects the equivalent of criminal possession of a controlled substance in the third degree (*see, State v Weldon*, 314 NC 401, 333 SE2d 701). We have considered and rejected defendant's remaining contentions. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.